United States District Court
Southern District of Texas
**ENTERED**
October 31, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DOUGLAS RAY RICHARDS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-221 |
| | § | |
| CAPTAIN VILLARREAL, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE**

Douglas Ray Richards is a Texas inmate appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A. For purposes of screening, and accepting Plaintiff's allegations as true as required at this stage of the proceedings, Plaintiff has stated an Eighth Amendment claim of excessive force against defendants **(1) Captain Villarreal, (2) Lieutenant Higgin, (3) Lieutenant Parelez, (4) Sergeant Wessers, and (5) Sergeant Garcia** in their individual capacities. The undersigned will order service on these defendants in their individual capacities as to Plaintiff's claims for excessive force. To the extent Plaintiff is suing defendants in their official capacities for money damages, it is respectfully recommended that those claims be dismissed with prejudice as barred by the Eleventh Amendment.

I.      JURISDICTION.

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

II.     PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS.

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and he is currently serving an eight-year sentence for retaliation and a four-year sentence for attempted aggravated sexual assault, both entered on October 1, 2013 in Angelina County, Texas. In this lawsuit, Plaintiff is complaining about events that occurred while he was confined at the McConnell Unit (MCU) in Beeville, Texas, in April, 2014.

Plaintiff filed suit on June 10, 2016 alleging claims of failure to protect.[1] (D.E. 1). Plaintiff named the following five (5) individuals as defendants: (1) Captain Villarreal; (2) Lieutenant Higgin; (3) Lieutenant Parelez; (4) Sergeant Wessers; and (4) Sergeant Garcia. A *Spears*[2] hearing was conducted on October 19, 2016. Following the hearing, The following representations were made in Plaintiff's original complaint (D.E. 1), or at the hearing:

On April 5, 2014 during the evening hours, Plaintiff was locked in his cell sleeping. Plaintiff was taking prescribed psychiatric medications, including Depakote and Cogentin. Later that evening, Plaintiff's cell-mate, Angel Sanchez, and Sanchez's friend, entered Plaintiff's cell and assaulted Plaintiff. Due to the medicine making

---

[1] Plaintiff filed this action on June 10, 2016. On September 30, 2016, Plaintiff refiled his complaint under Case No. 2:16-cv-416. Plaintiff's claims were consolidated under this action, C.A. No. 2:16-cv-221, and Case No. 2:16-cv-416 was closed.

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

Plaintiff drowsy, Plaintiff could not protect himself from the assault. Plaintiff's written complaint (D.E. 1) appeared to raise a claim of failure to protect. However, during the *Spears* hearing Plaintiff testified the officers did not have any reason to know or suspect that the Plaintiff was going to be assaulted by the other inmates and that he was not complaining about the officers failing to protect him from the assault of the other inmates. Plaintiff clarified he is suing the named officers because they used excessive force against him when they responded to the assault.

According to Plaintiff, when the defendant officers responded to the scene, Captain Villarreal cursed at Plaintiff, and drove his knee into Plaintiff's back to drive Plaintiff to the ground. Plaintiff testified Sergeant Wessers grabbed Plaintiff by the chest, while Sergeant Garcia grabbed him by the collar and pushed him in the cell. Plaintiff further testified that Lieutenant Parelez secured Plaintiff with such force that he broke Plaintiff's wrist. Finally, Plaintiff testified Lieutenant Higgin dragged Plaintiff downstairs in an unnecessarily rough and violent manner. According to Plaintiff, the defendant officers inflicted more harm to him that the inmates who tried to assault him.

Plaintiff was taken to the infirmary and then to the hospital in Beeville, Texas. Plaintiff had suffered two black eyes, a broken nose, and a broken left wrist. On April 7, 2014, Plaintiff was taken by ambulance to John Sealy Hospital in Galveston for further treatment. The medical examination revealed Plaintiff had sustained: (1) a broken nose; (2) fractured bones in his left hand; (3) deep cuts and abrasions on the right side of his face and forehead; and (4) both of his eyes were swollen shut. Plaintiff is seeking $100,000.00 for defendants' excessive use of force.

## III. LEGAL STANDARD.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(2). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. *Id.*

## IV. DISCUSSION.

### A. Eleventh amendment immunity and official capacity claims.

Plaintiff does not specify whether he is suing defendants in their official or individual capacities, so it is assumed he is assuming them in both.

A suit against a state officer in his or her official capacity is effectively a suit against that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment, however, bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself, and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Indeed, the Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ-CID officers and officials acting in their official capacities. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

To the extent Plaintiff is suing defendants in their official capacities for monetary damages, those claims are barred by the Eleventh Amendment. Thus, it is respectfully recommended that Plaintiff's claims for money damages against defendants in their official capacities be dismissed with prejudice as barred by the Eleventh Amendment.

B. **Excessive force.**

Plaintiff claims the defendants used excessive force against him in violation of his constitutional right to be free from cruel and unusual punishment.

Inmates have a constitutional right to be free from the use of excessive force. *Anthony v. Martinez,* 185 Fed. Appx. 360, 363 (5th Cir. 2006). To state a claim for excessive force, a prisoner-plaintiff must show that the force was not applied in a good-

faith effort to maintain or restore discipline, but was applied maliciously and sadistically to cause harm, and that the injury he suffered was more than *de minimis,* but not necessarily significant. See *Hudson v. McMillian,* 503 U.S. 1, 6, 10 (1992); *Gomez v. Chandler*, 163 F.3d 921, 923-24 (5th Cir. 1999); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). The factors to be considered are (1) the extent of the injury suffered; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any effort made to temper the severity of a forceful response. *Gomez*, 163 F.3d at 923.

In *Wilkins v. Gaddy*, 130 S. Ct. 1175 (2010) (per curiam), the Supreme Court ruled that a district court "erred in dismissing Wilkins' excessive force complaint based on the supposedly *de minimis* nature of his injuries." *Id.* at 1180. The Court grounded this conclusion on the principle that "'the core judicial inquiry' [is] not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Id.* at 1178 (citations omitted).

Although a *de minimis* injury is not cognizable, the extent of the injury necessary to satisfy the injury requirement "is directly related to the amount of force that is constitutionally permissible under the circumstances." *Ikerd v. Blair*, 1010 F.3d 430, 434-35 (5th Cir. 1996) (citations omitted); *see also Flores v. City of Palacios*, 381 F.3d 391, 399 (5th Cir. 2004) (noting that the minimum qualifying injury "changes with the facts of each case"); *Williams v. Bramer,* 180 F.3d 699, 704 (5th Cir. 1999) ("What constitutes an injury in an excessive force claim is ... subjective -- it is defined entirely by

the context in which the injury arises."). In general, the courts have concluded that the amount of injury necessary to satisfy the requirement of "some injury" and establish a constitutional violation is directly related to the amount of force that is constitutionally permissible under the circumstances. *Williams,* 180 F.3d at 703-04. Thus, courts may look to the seriousness of the injury to determine "whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley v. Albers,* 475 U.S. 312, 321 (1986).

Taking Plaintiff's allegations as true, he has alleged sufficient facts to state a claim of excessive force against Captain Villarreal, Lieutenant Higgin, Lieutenant Parelez, Sergeant Wessers, and Sergeant Garcia. Plaintiff claims the officers used the assault by inmate Angel Sanchez against Plaintiff as an opportunity to cause physical harm to Plaintiff. Plaintiff testified that he did not get along with Lieutenant Parelez, and he broke his wrist. The other officers' use of force, as alleged by Plaintiff, was not proportional to the situation because Plaintiff was heavily medicated and was the one being attacked, not the aggressor. For purposes of § 1915A, Plaintiff has stated sufficient facts, and sustained sufficient injuries, to state a claim of excessive force against defendants, and it is respectfully recommended that service be ordered on these defendants in their individual capacities.

V.   **CONCLUSION.**

For purposes of § 1915A, Plaintiff has stated sufficient facts that, if true, support a claim of excessive force against Captain Villarreal, Lieutenant Higgin, Lieutenant

Parelez, Sergeant Wessers, and Sergeant Garcia. Accordingly, it is respectfully recommended that service be ordered on these defendants in their individual capacities. It is respectfully recommended that, to the extent Plaintiff is suing defendants in their official capacities for money damages, those claims be dismissed as barred by the Eleventh Amendment.

Respectfully submitted this 31st day of October, 2016.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).