Case 2:16-cv-00221 Document 37 Filed on 09/07/17 in TXSD Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
September 07, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DOUGLAS RAY RICHARDS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-221 |
| | § | |
| STEVEN AMBRIZ, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DENY DEFENDANTS' MOTION TO DISMISS**

In this prisoner civil rights action, Plaintiff Douglas Ray Richards alleges that prison officials have subjected him to excessive force in violation of his Eighth Amendment rights. (D.E. 1). Pending is a Motion to Dismiss filed by Defendants Steven Ambriz, Edward Tijerina, Michael Bustos, and Jessy Perez. (D.E. 36). For the reasons stated herein, it is respectfully recommended that the Court deny Defendants' Motion to Dismiss.

**I. JURISDICTION.**

The Court has federal question jurisdiction over this civil action pursuant to 28 U.S.C. § 1331. This case was referred to the undersigned United States Magistrate Judge for case management and to furnish a recommendation pursuant to 28 U.S.C. § 636.[1]

---

[1] *See* Special Order C-2015-01 on file with the District Clerk.

## II.     PROCEDURAL BACKGROUND.

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and he is currently serving an eight-year sentence for retaliation and a forty-year sentence for attempted aggravated sexual assault, both entered on October 1, 2013 in Angelina County, Texas. Plaintiff is currently assigned to the Stiles Unit in Beaumont, Texas. However, the facts giving rise to Plaintiff's claims in this lawsuit occurred on April 5, 2014, while Plaintiff was assigned to the McConnell Unit in Beeville, Texas.

Plaintiff executed his original complaint on May 25, 2016, and it was filed in this Court on June 10, 2016.[2] (D.E. 1). Plaintiff named the following five (5) individuals as defendants in the original complaint: (1) Captain Villarreal; (2) Lieutenant Higgin; (3) Lieutenant Parelez; (4) Sergeant Wessers; and (5) Sergeant Garcia. Plaintiff alleged that: (1) on April 5, 2014, he was assaulted in his cell by other inmates; (2) TDCJ personnel responded to the incident; and (3) the responding TDCJ personnel used excessive force against Plaintiff.

On October 31, 2016, the undersigned issued a Memorandum and Recommendation (October 31, 2016 M&R), recommending that Plaintiff's excessive force claims be retained against the five defendants named in the original complaint in their individual capacities. (D.E. 16, pp. 7-8). The undersigned further recommended that, to the extent Plaintiff sued these defendants in their official capacities for money

---

[2] On September 30, 2016, Plaintiff refiled his complaint under Case No. 2:16-cv-416. Plaintiff's claims were consolidated under this action, C.A. No. 2:16-cv-221, and Case No. 2:16-cv-416 was closed.

2 / 8

damages, such claims be dismissed as barred by the Eleventh Amendment. (D.E. 16, p. 8). No objections to the October 31, 2016 M&R have been filed, and it remains pending before the District Judge.

The undersigned ordered service of the original complaint on the five individuals named in the original complaint. (D.E. 17). However, on January 13, 2017, the Office of the Attorney General (OAG) filed an Advisory, informing the Court that the TDCJ could not identify any of the defendants named in the lawsuit. (D.E. 20).

To assist in identifying the proper defendants, the undersigned conducted a hearing on March 9, 2016, to provide Plaintiff an opportunity to review photographs of all McConnell Unit personnel who were in the area or assigned to the area where the April 5, 2014 assault of Plaintiff occurred. After the hearing, the following individuals were substituted as defendants in this case: Steven Ambriz, Edward Tijerina, Michael Bustos, Jessy Perez, and John Doe. (D.E. 26). Thereafter, the undersigned ordered service on these individuals. (D.E. 35).

On July 24, 2017, Defendants Ambriz, Tijerina, Bustos, and Perez (collectively referred to as "Defendants") filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. 36). Defendants contend that Plaintiff's excessive force claims are barred by the applicable two-year statute of limitations. (D.E. 36, pp. 1-2). Plaintiff has not responded to Defendants' motion, which is, therefore, deemed unopposed.[3]

---

[3] According to the Local Rules for the Southern District of Texas, "[f]ailure to respond will be taken as a representation of no opposition." LR 7.4.

### III. LEGAL STANDARD.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its *face*.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. When considering a motion to dismiss, district courts are "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### IV. DISCUSSION.

Federal civil rights actions instituted in Texas, such as those brought pursuant to § 1983, are deemed analogous to personal injury claims, and, therefore, the applicable limitations period is the two years fixed by Tex. Civ. Prac. & Rem. Code § 16.003(a).

*Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Accrual of a § 1983 claim is governed by federal law. *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002). A cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). Dismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

Defendants assert in their Rule 12(b)(6) Motion to Dismiss that Plaintiff's excessive force claims are barred by the applicable two-year statute of limitations. (D.E. 36, p. 1). According to Defendants, the two-year limitations' period began to run on April 5, 2014, when the events giving rise to Plaintiff's claims occurred. (D.E. 36, p. 2). Even when applying the mailbox rule to the filing of Plaintiff's case, Defendants contend that his original complaint signed on May 25, 2016 was filed well after the expiration of the two-year limitations' period. (D.E. 36, p. 2).

Defendants' analysis, however, fails to consider that the statute of limitations is tolled while a prisoner exhausts his administrative remedies. *See Wright v. Hollingsworth*, 260 F.3d 357, 359 (5th Cir. 2001). The TDCJ provides a two-step procedure for presenting administrative grievances. *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999) (per curiam). Step 1 requires the inmate to present an administrative grievance at his unit within fifteen days from the date of the complained-of incident. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). The inmate should then receive a

response from the unit official, and if unsatisfied with the response, the inmate has fifteen days to appeal by filing a Step 2 grievance, which is handled at the state level. *Id.*

In this case, Plaintiff has attached Step 1 and Step 2 grievances to his original complaint. (D.E. 1, p. 7-10). Each grievance references the incident occurring on April 5, 2014. Plaintiff filed his Step 1 grievance on April 13, 2014, and it was answered on May 23, 2014. (D.E. 1, p. 10). Thereafter, Plaintiff filed his Step 2 grievance on June 8, 2014, and it was denied on June 24, 2014. (D.E. 1, p. 8). The grievance process took a total of 72 days.

After calculating the amount of tolling to be 72 days, it is apparent that Plaintiff's original complaint is not barred by the applicable two-year limitations' period regardless whether the complaint is deemed filed on the date it was signed on May 25, 2014 or the date it was received by this Court on June 10, 2016. Defendants provide no argument in their motion either addressing the grievances attached to Plaintiff's complaint or otherwise suggesting that the time spent exhausting these grievances cannot serve to toll the applicable limitations' period. Because Plaintiff's complaint and attached grievances fail to indicate that his claims are time-barred, Defendants' Motion to Dismiss is without merit and should be denied.[4]

---

[4] While rejecting at this early stage in the litigation Defendants' arguments that Plaintiff's complaint is untimely filed, Defendants are free to renew them in a summary judgment motion once discovery has been completed.

## V. CONCLUSION.

For the foregoing reasons, it is respectfully recommended that Defendants' Motion to Dismiss (D.E. 36) be **DENIED**. It is respectfully recommended further that the Court also adopt the undersigned's October 31, 2016 M&R.

Respectfully submitted this 7th day of September, 2017.

_____
Jason B. Libby
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).