Case 2:16-cv-00221   Document 64   Filed on 04/26/18 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
April 26, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DOUGLAS RAY RICHARDS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-221 |
| | § | |
| STEVEN AMBRIZ, *et al*, | § | |
| | § | |
| Defendants. | § | |

# AMENDED[1] MEMORANDUM AND RECOMMENDATION TO DENY DEFENDANTS' FIRST MOTION FOR SUMMARY JUDGMENT (D.E. 47)

Pending before the Court is a Motion for Summary Judgment filed on January 16, 2018 by Defendants Steven Ambriz, Edward Tijerina, Michael Bustos, and Jessy Perez. (D.E. 47). This summary judgment motion concerns Plaintiff's claims for failure to protect. However, Plaintiff's only claim against Defendants is for excessive force. As explained in the undersigned's October 31, 2016 memorandum and recommendation:

> Plaintiff's written complaint (D.E. 1) appeared to raise a claim of failure to protect. However, during the *Spears* hearing Plaintiff testified the officers did not have any reason to know or suspect that the Plaintiff was going to be assaulted by the other inmates and that he was not complaining about the officers failing to protect him from the assault of the other inmates. ***Plaintiff clarified he is suing the named officers because they used excessive force against him when they responded to the assault***. (emphasis added).

(D.E. 16, p. 3).

---

[1] This memorandum and recommendation is amended to include the "Notice to Parties" attached as the last page. The notice was inadvertently omitted from the original memorandum and recommendation.

The *Spears* hearing is "in the nature of a motion for more definite statement." *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings). The undersigned determined Plaintiff was raising an excessive force claim as a result of Plaintiff's testimony previously described. (D.E. 16). The District Judge adopted this recommendation. (D.E. 50).

Because Plaintiff's only claim against Defendants is for excessive force, the undersigned granted Defendants leave to file a motion for summary judgment as to Plaintiff's excessive force claim or to otherwise file an amended motion for summary judgment. (D.E. 52). On March 9, 2018, Defendants filed their second motion for summary judgment in which they addressed Plaintiff's excessive force claim against them. (D.E. 54).

Accordingly, the undersigned respectfully recommends that Defendants' first motion for summary judgment (D.E. 47) be **DENIED** as unnecessary in light of Plaintiff's clarification at the *Spears* hearing and the previous rulings by the Court. Defendants' second motion for summary judgment (D.E. 54) remains pending and will be addressed by the undersigned at a later date in a separate memorandum and recommendation.

Respectfully submitted this 26th day of April, 2018.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).